## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **P.L.**

**No. 18-0267** (Taylor County 17-JA-63)

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.L., by counsel Gregory Michael, appeals the Circuit Court of Taylor County's February 13, 2018, order terminating his parental rights to P.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Terri Tichenor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not granting him a less-restrictive disposition than termination of his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 30, 2017, the DHHR filed a petition for immediate custody of the infant child after the mother filed a domestic violence petition against petitioner. The petition for custody of the child alleged that both parents had untreated mental health issues, were not employed, and failed to provide proper care for the child. The petition also alleged that a domestic violence incident between the parents occurred in the child's presence in June of 2017. Further, according to the DHHR, the parents did not seem to understand the extent of the child's medical issues, as the child was losing weight instead of gaining weight when he was one month old. At the time the petition was filed, the child had recently undergone a stomach surgery. The DHHR had concerns that the parents did not properly administer the necessary medication to the child following his surgery.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On July 17, 2017, the circuit court held a preliminary hearing. Petitioner denied all allegations of domestic violence against the mother. He denied having any contact with the mother, but admitted to calling the mother repeatedly and leaving her voicemails. The circuit court ordered petitioner to submit to drug screens. The domestic violence protective order ("DVPO") was also entered on July 17, 2017. On October 16, 2017, the circuit court held an adjudicatory hearing. Petitioner failed to appear, despite having notice of the hearing, but was represented by counsel. The mother testified regarding the domestic violence between her and petitioner and that petitioner violated the DVPO. She also testified that petitioner stalked her, broke into her home, and sexually assaulted her. As a result of his conviction for sexual assault, petitioner was sentenced to six months to two years in the Anthony Correctional Center. Based on the evidence presented, petitioner was adjudicated as an abusing parent.

On February 7, 2018, the circuit court held a dispositional hearing. The circuit court refused petitioner's voluntary relinquishment of his parental rights. The circuit court noted that petitioner seemed uncertain of his decision to voluntarily relinquish his parental rights because he requested additional time for improvement. In its disposition summary filed with the circuit court in January of 2018, the DHHR reported that petitioner stalked the mother throughout the pendency of the case and, on one instance, sexually assaulted her. The summary also reported that petitioner was referred for services including parenting and adult life skills classes, drug screens, and visitation, but was discharged from all services due to his failure to participate. The DHHR recommended termination of petitioner's parental rights and was opposed to petitioner's voluntary relinquishment of his parental rights due to the crimes he committed against the mother. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the child's best interests.[2] Ultimately, the circuit court terminated petitioner's parental rights in its February 13, 2018, order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

[2]While the circuit court also found that petitioner failed to participate in the improvement period granted to him, there is no evidence in the record that petitioner was granted an improvement period. At the close of the adjudicatory hearing, the circuit court set petitioner's case for disposition without granting him an improvement period.

[3]According to respondents, the mother is participating in a post-adjudicatory improvement period and the permanency plan for the child is reunification with the mother. The concurrent permanency plan is adoption by the current foster family.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in failing to impose a less-restrictive disposition. Specifically, petitioner argues that disposition pursuant to West Virginia Code § 49-4-604(b)(4) would have permitted him to successfully complete the Anthony Center Program and correct the conditions of abuse and neglect. Further, "in light of his acceptance of responsibility [of] his criminal acts" and "an implicit acknowledgement [of] parenting issues," petitioner argues that additional time for improvement was warranted.[4] However, we find this argument meritless because there is no evidence that petitioner complied with any services that were provided to him.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

The record shows that petitioner was offered services to address the abuse and neglect issues during the proceedings, including parenting and adult life skills classes, drug screens, and visitation. However, he failed to comply with these services. Additionally, petitioner violated the DVPO, stalked the mother, broke into her home, and sexually assaulted her during the proceedings. Based on this evidence, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination of his parental rights was in the child's best interests. While petitioner asserts that the programs offered by the Anthony Correctional Center would help petitioner address "a host of issues," we find his

---

[4]Petitioner also argues that the circuit court erred in terminating his parental rights "in light of her (sic) considerable compliance with the terms and conditions of her (sic) improvement period." Aside from the numerous improper pronouns and other errors throughout his brief, his assertion that he complied with the terms and conditions of an improvement period is not supported by the record because there is no evidence that petitioner properly requested an improvement period, was granted an improvement period, or complied with any services that were provided to him.

speculative participation in the facility's programs irrelevant to whether he addressed the issues of abuse and neglect during the proceedings below.

Finally, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As discussed above, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination of his parental rights was in the child's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Additionally, because the mother's abuse and neglect proceedings are ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the Court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

4

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating